**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**


STATE OF DELAWARE,     )
     )
     Plaintiff,     )
     )
     )
     v.     )     Cr. ID No. 1411002179
     )
CHARLES R. COLBURN,     )
     )
     Defendant.     )
     )


Submitted: April 13, 2016
Decided: April 28, 2016


**COMMISSIONER'S REPORT AND RECOMMENDATION THAT
DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF
SHOULD BE DENIED.**


Brian J. Robertson, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Charles R. Colburn, Howard R. Young Correctional Institution, Wilmington, Delaware, *pro se*.


PARKER, Commissioner

This 28th day of April 2016, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND AND PROCEDURAL HISTORY

1. On January 7, 2015, Defendant Charles R. Colburn pled guilty to Drug Dealing-Heroin (as a Class B felony), Possession of a Firearm During the Commission of a Felony, and Possession of a Firearm by a Person Prohibited. As part of the plea agreement, Defendant also admitted to a then-pending violation of probation since he was serving a probated sentence for a 2012 aggravated drug possession conviction when he committed this new drug crime.[1] As part of the plea agreement, the State agreed to dismiss all other pending charges which included a number of additional felony charges.[2]

2. The parties agreed as part of the plea agreement to stipulate to, and jointly recommend, a sentence of nine years of unsuspended Level V time. The State further agreed not to seek to sentence Defendant as a habitual offender, pursuant to 11 *Del. C.* § 4214(a).[3]

3. After the entry of the plea, the court followed the parties' joint sentence recommendation, and Defendant was immediately sentenced to nine years of unsuspended Level V time followed by decreasing levels of probation.

4. Defendant did not file a direct appeal to the Delaware Supreme Court.

5. Shortly after the plea agreement was agreed to by the parties, and accepted by the court, on March 30, 2015, Defendant filed a motion for sentence reduction/modification. In that motion, Defendant requested reduction of his cumulative nine year Level V sentence by two years. The first seven years of his cumulative sentence is comprised of

---

[1] Charles R. Colburn- Criminal ID No. 1202000065.
[2] January 7, 2015 Plea Agreement.
[3] *Id.*

1

minimum terms of incarceration that must be imposed and cannot be suspended. In short, Defendant asked the court to suspend the entire two years of imprisonment imposed for the Possession of a Firearm by a Person Prohibited charge.[4]

6. By Order dated April 24, 2015, the Superior Court denied Defendant's motion for any reduction of sentence. In denying that motion, the Superior Court noted that Defendant had expressly agreed to the sentence imposed (nine years of non-suspended Level V time), obtained the benefit of that express agreement, and then turned around and expressly asked the court to undercut that agreement for him by striking two years from his sentence.[5]

## DEFENDANT'S RULE 61 MOTION

7. On February 5, 2016, Defendant filed the subject Rule 61 motion for postconviction relief.

8. In the subject motion, Defendant claims that his counsel was ineffective for not arguing at his sentencing for a lesser sentence. Specifically, Defendant claims that counsel informed him he was "not eligible for a concurrent sentence and failed to argue that at my sentencing that it can run concurrent pursuant to 11-3901 Section D 1447A."

9. Before making a recommendation, the Commissioner enlarged the record by directing Defendant's trial counsel to submit an Affidavit responding to Defendant's claim.[6]

10. First, it does not appear that Defendant is seeking to set aside his judgment of conviction. It appears as if Defendant is seeking only to reduce his sentence. As such, Defendant's motion does not state a cognizable Rule 61 claim. Defendant's Rule 61

---

[4] *State v. Colburn,* 2015 WL 1881181 (Del.Super. 2015).
[5] *State v. Colburn,* 2015 WL 1881181, at * 3 (Del.Super. 2015).
[6] Super.Ct.Crim.R. 61(g)(1) and (2).

2

motion is not the appropriate vehicle to seek the relief requested. A Rule 61 motion is only available to those seeking to set aside a judgment of conviction or a sentence of death, and only where there is a sufficient factual and legal basis for a collateral attack on the conviction or capital sentence.[7]

11. Claims for sentence reductions and/or modifications are presented by way of Rule 35 motions. A defendant may not disguise an application for a modification of sentence by couching the request as a motion for postconviction relief.[8] Defendant has not stated a cognizable Rule 61 claim, and therefore, his motion should be dismissed.

12. Second, to the extent that the claim is cognizable under Superior Court Criminal Rule 61, Superior Court Criminal Rule 61(i)(4) precludes this court's consideration of the claim since Defendant has already sought to obtain the same relief in his motion for sentence reduction/modification. In that motion, like this motion, Defendant also sought to reduce his cumulative nine year Level V term by two years.

13. The Superior Court already noted that the sentence imposed of nine years unsuspended Level V time was the sentence Defendant expressly agreed to under the terms of the plea agreement. The court already noted that Defendant cannot unilaterally undercut the agreement he made with the State by seeking to have two years of his nine year sentence stricken. Defendant's motion is procedurally barred on the grounds that it was previously adjudicated.[9]

14. Even though Defendant's claim may be restated and refined, or recouched as an ineffective assistance of counsel claim, the claim remains procedurally barred. The Superior Court is not required to re-examine any claim that received "substantive

---

[7] Super.Ct.Crim.R. 61(a)(1).
[8] *State v. Costango,* 2002 WL 234748, at *1 (Del.Super.).
[9] Super.Ct.Crim.R. 61(i)(4).

3

resolution" at an earlier time simply because the claim is now refined, restated or relabeled as an ineffective assistance of counsel contention.[10]

15.     Third, Defendant's trial counsel cannot be deemed ineffective for failing to argue at sentencing for a sentence of anything less than nine years of unsuspended Level V time, because the parties stipulated to a joint recommendation of a nine year unsuspended Level V sentence. Defendant's trial counsel would be in breach of the express terms of the plea agreement if she attempted to argue for a lesser sentence than that which the parties both agreed to recommend.[11]

16.     As a practical matter, the plea agreement including the joint nine year sentence recommendation was the product of negotiations between the parties.[12] Defendant does not have the right to pick and choose the parts of the plea agreement he wants to continue adhering to, and those aspects (the sentencing aspects) that he wants to change. The plea agreement, in its entirety, is the plea agreement. If the plea agreement was to be set aside, it would be set aside in its entirety. All of the charges that were dismissed as part of the plea agreement would be reinstated, and Defendant would again be habitual eligible for sentencing on several of the charges, facing up to a life sentence on each of those charges, if convicted at trial.

17.     It is also important to emphasize that Defendant received a significant benefit by pleading guilty. Defendant's decision to accept the plea offer with a joint recommendation of nine years of unsuspended Level V time represented a rational choice given the pending charges, the evidence against him, and the possible sentences he was facing.

---

[10] *Johnson v. State,* 1992 WL 183069, *1 (Del.Super.)
[11] See, January 7, 2015 Plea Agreement.
[12] See, January 7, 2015 Plea Agreement, at pgs. 16-17.

4

18. Defendant, having stipulated to a nine year unsuspended Level V sentence, cannot now seek to undercut that agreement. Defendant cannot now complain that his counsel was ineffective for not arguing for a lesser sentence than that which the parties, after extensive negotiations, expressly agreed to jointly recommend. Defendant's claim is procedurally barred and without merit.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be denied.

**IT IS SO RECOMMENDED.**

_____/s/_____
Commissioner Lynne M. Parker

oc: Prothonotary
Allison S. Mielke, Esquire